**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

**UNITED STATES** **PLAINTIFF/RESPONDENT**

**V.** **No. 2:09-CV-02089-RTD**
**No. 2:08-CR-20019-RTD**

**JOSE ALVARADO-RIVAS** **DEFENDANT/PETITIONER**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. §2255 (Doc. 19) filed July 15, 2009. The United States of America filed a Response (Doc. 24) on July 30, 2009. The Petitioner has not filed a Reply and the matter is ready for Report and Recommendation.

## I. Background

On May 15, 2008, the defendant pled guilty to violating 8 U.S.C. §§ 1326(a) and (b), illegal re-entry into the United States after deportation for an aggravated felony. (Doc. 15) The plea agreement specifically provided that "The defendant acknowledges that discussions have taken place concerning the possible guideline range which might be applicable to this case. The defendant agrees that any discussions merely attempt to guess at what appears to be the correct guideline range and do not bind the district court. Further ,the defendant acknowledges that the actual range may be greater than contemplated by the parties. In the event that the actual guideline range is greater than the parties expected, the defendant agrees that this does not give him the right to withdraw his plea of guilty". (Doc. 15, p. 5)

According to his Presentence Investigation Report (PSR) the defendant was a Criminal

History VI with a Total Offense Level of 21 with an advisory guideline range of 77 to 96 months. (PSR ¶ 44-45).

On September 15, 2008, the defendant filed an objection to paragraph 45 contending the sentencing range of 77 to 96 months was too high. He argued that a sentence, based in part, on his prior criminal history constituted double jeopardy.

On October 24, 2008, the court sentenced the Petitioner to 77 months imprisonment. (Doc. 18) No appeal from the judgement was filed. The Petitioner filed the current Motion to Vacate under 28 U.S.C. §2255 (Doc. 19) on July 15, 2009 and has alleged a number of grounds which will be addressed individually.

## II. Discussion

### A. Ineffective assistance of counsel:

The Petitioner contends that he received ineffective assistance of counsel at sentencing due to the unreasonableness of the sentence.

A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to section 2255. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). To establish a claim of ineffective assistance of counsel, Petitioner must satisfy the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, under the "deficient performance" component, he must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Second, under the "prejudice" component, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. see also, i.e. *United States v.*

*Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)(post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense)

The "deficient performance" prong of the two-part Strickland test requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting Strickland, 466 U.S. at 687) That showing can be made by demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(internal citations omitted) There are two substantial impediments to making such a showing, however. First, "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Id. (quoting Strickland, 466 U.S. at 689, 104 S.Ct. 2052); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005)("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was deficient, the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423

F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, Petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different...a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." *Rice*, 449 F.3d at 897 (internal quotations omitted) Thus, it is not sufficient for a defendant to show that the error had some "conceivable effect" on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding. *Morales v. Ault*, 476 F.3d 545 (8th Cir. 2007)(*citing Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir. 2004)) Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not ... need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir.1999)

Also, to the extent that Petitioner's claims arise out the plea process, he must show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See *Strickland*, 466 U.S. at 688; *United States v. Prior*, 107 F.3d 654, 661 (8th Cir. 1997)

According to his Presentence Investigation Report (PSR) the defendant was a Criminal History VI with a Total Offense Level of 21 with an advisory guideline range of 77 to 96 months. (PSR ¶ 44-45). On September 15, 2008, the defendant filed an objection to paragraph 45 contending the sentencing range of 77 to 96 months was too high. He argued that a sentence, based in part, on his prior criminal history constituted double jeopardy. (Doc. 24-2, p. 6-7) He also stated that the Petitioner believed that "when you add both the highest level that you can get for the criminal history and the highest level that you can get under the Guidelines for the

offenses that puts him in this range of 57(77) to 96 months is unfair”. (Doc. 24-2, p. 12) This appears to be a misstatement by the Petitioner’s attorney when he referred to the range of 57-96 months. The Petitioner’s attorney also stated that it was his belief that the “way his sentence is enhanced by both the offense level and the criminal history is a form of double jeopardy. (Doc. 24-2, p. 13) The Petitioner’s attorney noted that the Petitioner had a different perspective of what constituted double jeopardy because it meant that he was “required to serve more time for things that I have already done, things that I’ve already paid for..” (Id., p. 13-14)

The Court overruled the Petitioner’s argument and the court acknowledged that the guidelines were advisory and that he had considered the factors in 3553(a) and that he felt that a guidelines sentence was appropriate “but at the low end of the guidelines.” (Id., p. 17) The court then imposed a sentence of imprisonment for a term of 77 months and advised the Petitioner that he had a right to appeal but that the notice of appeal had to be filed within 10 days. (Id., p. 18). Judgment was entered on October 24, 2008 (Doc. 18) and the Petitioner did not appeal the judgment of the court.

An enhanced sentence imposed on a persistent offender "is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes" but as ‘a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.’" *Gryger v. Burke*, 334 U.S. 728, 732, 68 S.Ct. 1256, 1258, 92 L.Ed. 1683 (1948); cf. *Moore v. Missouri*, 159 U.S. 673, 678, 16 S.Ct. 179, 181, 40 L.Ed. 301 (1895) ("[T]he State may undoubtedly provide that persons who have been before convicted of crime may suffer severer punishment for subsequent offences than for a first offence"). *Monge v. California*, 524 U.S. 721, 728, 118 S.Ct. 2246, 2250 (U.S. Cal.,1998)

A defendant has not been 'punished' any more for double jeopardy purposes when relevant conduct is included in the calculation of his offense level under the Guidelines than when a pre-Guidelines court, in its discretion took similar uncharged conduct into account." *White v. United States*, 515, U.S. 389 (1995). The Court in White held:

> where the legislature has authorized such a particular punishment range for a given crime, the resulting sentence within that range constitutes punishment only for the offense of conviction for purposes of the double jeopardy inquiry. Accordingly, the instant prosecution for the cocaine offenses is not barred by the Double Jeopardy Clause as a second attempt to punish petitioner for the same crime.

Id. at ----, 115 S.Ct. at 2208. See also *U.S. v. Street,* 66 F.3d 969, 980 (C.A.8 (Mo.),1995)

It cannot be ineffective assistance not to raise a meritless argument. *Larson v. U.S.* 905 F.2d 218, 219 (C.A.8 (Minn.),1990) In this instance however, the Petitioner's attorney did attempt to make the double jeopardy argument to the court. The court rightly did not accept the argument and the Petitioner's claim that he received ineffective assistance of counsel is without merit.

**B. Reduction for pleading guilty (Acceptance of Responsibility):**

The Petitioner contends that he did not receive any reduction for pleading guilty. Paragraph 15 of the Plea Agreement states the government will move for an additional point for acceptance of responsibility if the defendant's base offense level is 16 or greater. (Doc. No. 15 Plea Agreement). The defendant's PSR deducted three points from his base offense level for acceptance of responsibility. (PSR ¶ 18).

At sentencing the government's motion for the third point was granted by the court. (SENT. TR 8). The defendant's Total Base Offense Level went from 24 to 21. The defendant did

in fact receive a 3 point reduction in his base offense level for acceptance of responsibility and the Petitioner's argument is without merit.

**C. Plea offer:**

The Petitioner contends that he was "under the impression" that his plea offer was going to be 57 months and not the 77 months he was sentenced to.

The defendant was never offered a sentence of 57 months by the government. The Plea Agreement makes no mention of a 57 month sentence and in fact states:

> (a) The government agrees not to make a recommendation as to what specific sentence should be given to the defendant;
>
> (b) The defendant and his attorney both acknowledge that this plea agreement constitutes the entire agreement of the parties; and,
>
> (c) All parties agree that there are no oral agreements or promises which have been made to induce the defendant to change his plea to guilty. (Doc. No. 15, Plea Agreement ¶ ¶ 13, 24).

At his change of plea hearing the following discussion took place between the Court and the defendant:

> THE COURT: And is your willingness to plead guilty here today the results of discussions that you and your attorney have had with the Government that resulted in this eight-page document which is entitled Plea Agreement?
>
> A Yes.
>
> THE COURT: Is this your signature that appears on page eight?

A. Yes, sir.

THE COURT: Does this agreement contain your full understanding of what you have negotiated with the Government?

A. Yes.

THE COURT: And do you understand the agreement?

A. Yes.

THE COURT: Has anyone made any promises or an assurances to you of any kind to get you to execute the agreement other than what's contained within the agreement itself?

A. No. (Doc. 24-1, p. 4-5)

It is clear that a specific sentence was never offered to the defendant by the government. Nothing was set forth in the plea agreement and the defendant acknowledged what was contained in that written agreement was the sum total of what he had negotiated with the government. The only reference to 57 months was when his attorney, during argument to the court, misstated the range when he said "[I]t is his belief in the judicial system that when you add both the highest level that you can get for the criminal history and the highest level that you can get under the Guidelines for the offenses that put him in this range of 57 to 96 months is unfair." (Doc. 24-2, p. 12, l. 19-23) It is clear that this was just a misstatement by Petitioner's attorney because subsequently in the proceedings his attorney stated to the court "[T]hat sentence from Mr. Alvarado's perspective should be something less than 77 to 96." (Doc. 24-2, p. 14, l. 12-13)

The Petitioner is trying to twist a misstatement by his attorney into an offer that was never made by the United States. It should also be noted that, while the Petitioner asserts this as a

claim, he does not assert any factual basis for the claim and makes no mention of the claim in his argument and his contention is without merit.

**D. Fast track program:**

The Petitioner contends that since no fast track program exist in the Western District of Arkansas that the Judge should have sentenced him below the advisory guideline range. (Doc. 19, p. 4)

Sentencing disparities arising from charging and plea bargaining decisions of different United States Attorneys do not provide a proper ground for departing from the applicable Guideline range. *United States v. Armenta-Castro*, 227 F.3d 1255, 1257 (10th Cir. 2000); *United States v. Banuelos-Rodriguez*, 215 F.3d 969, 973 (9th Cir. 2000) ("Even if differing prosecutorial policies [referring to "fast-track" plea bargaining policies] could be considered a mitigating circumstance within the meaning of the statute, the Guidelines themselves would preclude granting a downward departure based on disparity of this nature."); *United States v. Bonnet-Grullon*, 212 F.3d 692, 705-06 (2d Cir. 2000) (rejecting possibility of downward departure to offset disparities created by the Southern District of California's charge-bargaining fast-track system); see also *United States v. Melendez-Torres*, 420 F.3d 45, 52-53 (1st Cir. 2005) (rejecting claim that absence of a "fast-track" program in the district of Maine violated defendant's equal protection rights).

In *United States v. Sebastian*, 436 F.3d 913 (8th Cir.2006), the Eighth Circuit Court of Appeals held that the sentence imposed was not unreasonable despite the defendant's argument that the lack of a fast-track program in Eastern Missouri created a sentencing disparity. While Sebastian did comment that a disparity exists "based solely on geography," the Court further

reasoned that the downward adjustment is mandated by Congress and the President-and it is the province of the legislature and executive, not the judiciary, to determine whether such an adjustment is warranted. *Sebastian*, 436 F.3d at 916. "To require [a] district court to vary from the advisory [G]uidelines based solely on the existence of [fast-track] programs in other districts would conflict with the decision of Congress to limit the availability of such sentence reductions to select geographical areas...." *U.S. v. Garcia*, 224 Fed.Appx. 139, 140 (C.A.3 (Pa.),2007)

The Petitioner claim is without merit.

**E. Excessive Sentence:**

The Petitioner contends that his sentence was greater than necessary to satisfy the purpose for sentencing under 18 U.S.C. §3553 which provides that the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.

Petitioner's criminal history was VI which is the highest category possible. His base offense level was 21 with a guideline range of 77 to 96 months. Since the Petitioner was sentenced at the low end of the range it is not apparent how the Petitioner contends that his sentence was excessive except as set forth in his previous arguments.

A § 2255 motion is not a substitute for direct appeal; it is "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." *Davis v. United States*, 417 U.S. 333, 343, 94 S.Ct. 2298, 2304, 41 L.Ed.2d 109 (1974). *U.S. v. Wilson*, 997 F.2d 429, 431 (C.A.8 (Ark.),1993). Petitioner may not obtain § 2255 relief for "unappealed errors to which no contemporaneous objection was made" unless he can show both cause and prejudice. *Reid v. United States*, 976 F.2d 446, 448 (8th Cir.1992), cert. denied, 507 U.S. 945, 113 S.Ct. 1351, 122

L.Ed.2d 732 (1993).

As other courts have more specifically explained, however, the cause and prejudice exception does not apply to nonconstitutional or nonjurisdictional claims that could have been but were not raised on direct appeal. *Brennan v. U.S.*, 867 F.2d 111 at 120; *Bontkowski v. United States*, 850 F.2d 306, 313 (7th Cir.1988). A petitioner simply cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir.1992); see *Davis v. United States*, 417 U.S. 333, 345 & n. 15 (1974) (federal prisoner cannot assert on collateral attack a nonconstitutional claim that was not raised on direct appeal); *U.S. v. Capua*, 656 F.2d 1033 at 1037 (1981), *Anderson v. U.S.* 25 F.3d 704, 706 (C.A.8 (N.D.),1994)

The Petitioner has asserted no cause for his failure to appeal and even if cause existed his assertion is without merit.

**F. Due Process:**

The Petitioner's contends that his 5th and 6th amendment rights to due process were violated when the sentencing court treated the guidelines as presumptively reasonable.

It does not appear that the sentencing court referred to the sentencing guidelines as "presumptively reasonable" but instead did inform the Petitioner that the guidelines were only advisory. (Doc. 24-2, p. 8). The court specifically stated that it had reviewed the factors in 3553(a) in detail and that the court would stay within the guideline range but on the low end. (Doc. 24-2, p. 17)

Even if that were not so the Petitioner's argument is without merit. The Court of Appeals for the Eighth Circuit has held that "[A] sentence within the advisory Guidelines range is

presumptively reasonable on appeal". *United States v. Spotted Elk*, 548 F.3d 641, 679-680 (8th Cir.2008); *U.S. v. Raplinger,* 555 F.3d 687, 695 (C.A.8 (Iowa),2009)

**III. Conclusion**

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 be dismissed with prejudice.

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 10th day of September 2009.

/s/ **J. Marschewski**
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE